**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. 20-03031-13-CR-S-SRB |
| **GARY L. SNEED**, | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves the Court to order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the following offenses: (1) conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); (2) distribution of any amount of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (3) distribution of any amount of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (4) possession of firearms by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## **SUPPORTING SUGGESTIONS**

Subsection 3142(f)(1)(C), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with conspiracy to distribute 500 grams or more of methamphetamine, a crime for which a term of not less than 10 years and not more than life in prison is possible.

Section 3142(e) and (f)(1) provide a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. *See United States v. Apker*, 964 F.2d 724, 744 (8th Cir. 1992); *see also United States v. Soto Rivera*, 581 F.Supp. 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offenses referred to in the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or the safety of the community. *See Apker*, 964 F.2d at 743-44; *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

To further support the Government's contention that the defendant is a flight risk and a danger to the safety of the community, the Government offers that:

1. During this investigation, the defendant utilized his status as an individual with no felony convictions to purchase multiple firearms, including at least an FN SCAR rifle, an AK-47 rifle, and a Five SeveN 5.7 caliber semi-automatic pistol, which he then admittedly transferred to a co-defendant in exchange for distributive amounts of methamphetamine.

2. In January 2020, the defendant possessed a stolen firearm and a user amount of methamphetamine during a traffic stop.

3. On or about August 5, 2020, the defendant distributed approximately one quarter ounce of methamphetamine to a confidential source working at the direction of law enforcement.

4. On or about August 10, 2020, the defendant distributed approximately one sixteenth ounce of methamphetamine to a confidential source working at the direction of law enforcement.

5. On or about October 27, 2020, the defendant, an admitted daily user of methamphetamine, possessed two 12-gauge shotguns. During a post-*Miranda* interview, the defendant admitted to purchasing ounce, half-pound, and pound level quantities of methamphetamine from a co-defendant beginning at least as early as August 2019.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TERESA A. MOORE
Acting United States Attorney

By  */s/ Jessica R. Sarff*
Jessica R. Sarff
Missouri Bar No. 69322
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**Certificate of Service**

      The undersigned hereby certifies that a copy of the foregoing was delivered on March 31, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                               */s/ Jessica R. Sarff*
                                               Jessica R. Sarff
                                               Assistant United States Attorney